**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Travis Lee Bossong** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | **Denise A. Bossong** | ☐ Check if this is an amended plan. |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| Case number (If known) | 22-10751 | |

# Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:
    ☐ contains nonstandard provisions. See paragraph 15 below.
    ☑ does not contain nonstandard provisions.

    (b) This plan:
    ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c) This plan:
    ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☑ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**1,760.00** for the applicable commitment period of:

    ☐ 60 months: **or**

    ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☑ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☑ Debtor 1 _____%   ☐ Debtor 2 __**100**__%

    ☐ Direct to the Trustee for the following reason(s):
    ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
    _____

    (c) Additional Payments of $**0.00** (estimated amount) will be made on ___,__ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

| Debtor | **Travis Lee Bossong** | Case number | |
| --- | --- | --- | --- |
| | **Denise A. Bossong** | | |

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
| --- | --- | --- | --- | --- | --- |
| **Freedom Mortgage** | **341 Barnsley Drive Evans, GA** | Yes | Debtor | November, 2022 | $1,911.00 |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
| --- | --- | --- | --- | --- |
| **Freedom Mortgage** | **341 Barnsley Drive Evans, GA** | Yes | 1,911.00 | 0.00% |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

(a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

(b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,500.00**.

(c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
| --- | --- | --- | --- | --- |
| **-NONE-** | | | | |

(e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
| --- | --- | --- | --- | --- |
| **-NONE-** | | | | |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
| --- | --- | --- | --- | --- |
| **Navy Federal Credit Union** | Chev. Equinox | 20,273.00 | 6.00% | min. $390/mo. |
| **Navy Federal Credit Union** | Chev. Equinox ("cross-collateralized credit card debt") | 0.00 | 0.00% | 0 |
| **Pentagon Federal Credit Union** | Chev. Silverado | 48,263.00 | 6.00% | min, $800.mo. |

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

GASB - Form 113 December 1, 2017

Debtor  **Travis Lee Bossong**                                   Case number
        **Denise A. Bossong**

☐ with interest at _____% per annum; **or** ☐ without interest:
**None**

    (h)`   **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of $, whichever is greater.

5.   **Executory Contracts**.
   (a)   **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| **-NONE-** | | | | |

   (b)   **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| **-NONE-** | |

6.   **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☐ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| **-NONE-** | |

7.   **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| **-NONE-** | |

8.   **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| **-NONE-** | | |

9.   **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| **-NONE-** | | |

10.   **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11.   **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12.   **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13.   **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant

GASB - Form 113 December 1, 2017

| Debtor | **Travis Lee Bossong** | Case number | |
|---|---|---|---|
| | **Denise A. Bossong** | | |

to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated: **October 6, 2022**

/S/TRAVIS LEE BOSSONG
**Travis Lee Bossong**
*Debtor 1*

/S/DENISE A BOSSONG
**Denise A. Bossong**
*Debtor 2*

/S/LEERINGLER
**Lee Ringler 606350**
*Attorney for the Debtor(s)*

GASB - Form 113 December 1, 2017

TRAVIS LEE BOSSONG
DENISE A. BOSSONG
341 BARNSLEY DRIVE
EVANS GA 30809-8243

CB INDIGO
POB 4499
BEAVERTON OR 97076

GENESIS FS CARD SERVICES
POB 23030
COLUMBUS GA 31902

LEE RINGLER
LEE RINGLER
SUITE 200
808 GREENE STREET
AUGUSTA, GA 30901

CHAPTER 13 TRUSTEE
POST OFFICE BOX 2127
AUGUSTA GA 30903

HARMONIES MEDICAL
902 PONDER PLACE, STE. 3
EVANS GA 30809

AAFES
3911 S. WALTON WALKER BLVD.
DALLAS TX 75236

CREDIT ONE BANK
POST OFFICE BOX 98872
LAS VEGAS NV 89193-8872

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPE
POST OFFICE BOX 7346
PHILADELPHIA PA 19101-7346

AMERICAN EXPRESS
POST OFFICE BOX 981537
EL PASO TX 79998

DEPARTMENT OF VETERANS AFFAIRS
POB 8079
PHILADELPHIA PA 19101

JPMCB CARD SERVICES
POB 15369
WILMINGTON DE 19850

AUGUSTA ENDOSCOPY CENTER, LLC
393 NORTH BELAIR ROAD
EVANS GA 30809-3096

DISCOVER FINANCIAL SERVICES
POST OFFICE BOX 3025
NEW ALBANY OH 43054-3205

NAVY FEDERAL CREDIT UNION
POST OFFICE BOX 3600
MERRIFIELD VA 22116

AUGUSTA ENT
340 NORTH BELAIR ROAD
EVANS GA 30809

FBCS, INC.
330 S. WARMINSTER ROAD, STE. 353
HATBORO PA 19040

NAVY FEDERAL CREDIT UNION
SECURITY PLACE
P.O. BOX 3100
MERRIFIELD VA 22119-3100

BARCLAYS BANK DELAWARE
125 S. WEST STREET
WILMINGTON DE 19801

FEB DESTINY
POB 4499
BEAVERTON OR 97076

NUCLEAR MED & PATH ASSOC.
POB 281167
ATLANTA GA 30384-1167

BEST BUY/CBNA
POB 6497
SIOUX FALLS SD 57117

FIRST PREMIER BANK
POB 1348
SIOUX FALLS SD 57101-1348

PENTAGON FEDERAL CREDIT U
BOX 1432
ALEXANDRIA VA 22313-2032

CAPITAL ONE
POST OFFICE BOX 30285
SALT LAKE CITY UT 84130-0285

FREEDOM MORTGAGE
POB 50485
INDIANAPOLIS IN 46250-6069

PIEDMONT HEALTH GROUP, LLC
POB 100061
ATLANTA GA 30348-0061

QUEST DIAGNOSTICS  
POST OFFICE BOX 740698  
CINCINNATI OH 45274-0698

UNITED STATES TRUSTEE  
33 BULL STREET, SUITE 400  
SAVANNAH GA 31401

REGIONS BANK  
2050 PARKWAY OFFICE  
BANKRUPTCY DEPT. MAIL CODE ALBH40402-B  
BIRMINGHAM AL 35244

ROWELL ELECTRIC CO. INC  
502 W 6TH STREET  
WAYNESBORO GA 03083

SYNCB/CARE CREDIT  
POB 965036  
ORLANDO FL 32896

SYNCB/LOWES  
PIOB 965005  
ORLANDO FL 32896

THE EXCHANGE  
POB 740890  
CINCINNATI OH 45274-0890

U.S. ATTORNEY  
POB 2017  
AUGUSTA GA 30903

U.S. DEPT. OF EDUCATION  
CLAIMS UNIT  
POB 8973  
MADISON WI 53708-8973

UMR  
PO BOX 30541  
SALT LAKE CITY UT 84130

# United States Bankruptcy Court
## Southern District of Georgia

In re **Travis Lee Bossong**
**Denise A. Bossong**
Debtor(s)

Case No. **22-10751**
Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that on OCTOBER10, 2020 , a copy of CHAPTER 13 PLAN___ was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**ATTACHED MAILING MATRIX**

**Lee Ringler 606350
Lee Ringler
SUITE 200
808 GREENE STREET
AUGUSTA, GA 30901
706-724-4000Fax:706-724-1644
lringler@leeringler.com**